FILED

JAN 27 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

Luis Alfonso Ruiz
Plaintiff

DR 25 CV 0003

Civil Action Number: _____

Responsive Deployment;
Ambar Monsivais, acting as agent of Responsive Deployment;
Scott McClenning, acting as agent of Responsive Deployment;
Alicia Norwood, acting as agent of Responsive Deployment
Defendant(s)

# COMPLAINT

1. This action is brought by Luis Alfonso Ruiz, Plaintiff, pursuant to the following selected jurisdiction:

   Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)
   Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

   The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (ADEA).

   The Americans with Disabilities Act (42 USC §§ 12102 et seq.) (ADA).

2. Defendant Luis Alfonso Ruiz lives at 1610 Buckley Ave, Eagle Pass, Texas,

78852.

3. Defendant was employed by the plaintiff at 223 Firefly Ln, Eagle Pass, Texas, 78852.

4. Defendant (s) discriminated against the plaintiff as indicated in paragraph 8 of this complaint on or about June 4, 2024, up to January 11, 2025.

5. The plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.), charging the defendant (s) with the acts of discrimination indicated in paragraph 7 of this complaint on or about July 12, 2024.

6. The E.E.O.C. issued a Notice of Right to Sue, which was received by the plaintiff on November 1, 2024, and did not issue a determination.

7. Due to the plaintiff's sex (male), sexual orientation (bisexual), disability (which includes diabetes, epilepsy, cancer, and anxiety), and age (44 years at the time), the defendant (s) failed to promote the plaintiff, consistently engaged in harassment that disregarded the plaintiff's disabilities, specifically targeted the plaintiff, and ultimately terminated his employment for submitting a complaint to the Equal Employment Opportunity Commission (EEOC) and for assisting others in filing similar complaints.

8a. The initial incident transpired when the plaintiff applied for the Supervisor

position on June 4, 2024. In summary, three candidates were shortlisted for interviews pertaining to this position. As informal discussions circulated among colleagues, it became evident that three individuals emerged as the primary candidates: the two current leads from the shift, which included the plaintiff and Agent Monsivais. Subsequently, the applicants were apprised that the appointed supervisor would be a female, specifically designated by the morning supervisor, Alicia Norwood. The justification provided for the selection of this candidate was centered on the innovativeness of her ideas; however, during conversations with Agents Norwood and McClenning, it was observed that her proposals bore a striking resemblance to concepts expressed by the other candidates during the interviews of Ruiz and Riza, rather than reflecting the originality of Monsivais, the selected candidate.

An additional incident occurred on July 21, 2024, when the plaintiff, who continued to view himself as serving in a leadership capacity and had not been notified of any demotion or removal from that position, opted to consult with Monsivais regarding concerns related to shift morale and employee dissatisfaction. Due to the plaintiff's hearing difficulties and the notably elevated ambient noise within the facility, it became necessary to address Monsivais in a raised voice. Monsivais may have perceived this method of communication as hostile or confrontational, as the overall subject matter of the discussion was taken quite personally.

On July 28, 2024, the plaintiff received a formal reprimand due to the discussion held on July 21, 2024. This reprimand was issued due to disrespectful, intimidating, threatening, and insubordinate behavior. However, the evidence accompanying the write-up, specifically the supervisor's documentation, indicates that the alleged actions do not meet the criteria for the behaviors mentioned above. This reprimand will remain on the plaintiff's record, and just eight days later, a supervisor position became available. The plaintiff was not permitted to apply, as the reprimand and corresponding write-up indicated that he was not in good standing, automatically disqualified him from consideration for the position.

An additional incident transpired when Agent Monsivais assumed her supervisor position. She consistently asserted that should employees fail to remain seated during work hours, there would be repercussions. She repeatedly communicated via text: "During your shift, stay in your area, no wandering off, if it continues, I will have to assign break times." This directive restricted our opportunity to take restroom breaks and engage in necessary stretches. Furthermore, it did not adequately consider the needs of those among us who have disabilities, requiring them to stretch, walk, or frequently take restroom breaks.

Persistent anger and frequent hostility directed towards fellow employees resulted in friction within the workplace. These employees frequently sought

assistance and sometimes requested my suggestions and support in filing EEOC complaints and grievances with the OFCCP.

On January 9, 2025, at approximately 11:00 pm, Agent Monsivais distributed a schedule per standard procedures for the subsequent two weeks. She intentionally excluded the plaintiff from this schedule and did not provide any notification regarding the reasons for this decision. At 6:30 am, upon clocking out, Agent Monsivais removed the plaintiff from the WhatsApp shift group, which serves as a platform for daily instructions and shift rotations. Subsequently, the plaintiff reached out to his HR representative, Mr. John Baily, as his company operates as a subcontractor for Responsive Deployment, and informed him of the circumstances, indicating that he would utilize his Paid Time Off (PTO) until fully exhausted to seek clarification and obtain his termination documentation. Prior to the conclusion of their shifts, Agent Monsivais and Agent Norwood engaged in a discussion regarding the appropriate protocol for the completion of address information. During this discourse, Agent Norwood articulated, "This is just to let you know how we want it. If it is not like this, we will have another discussion." Nevertheless, as per the statement from Mr. John Baily, the information provided by Responsive Deployment suggests that the Border Patrol has formally requested the termination of the plaintiff. As of the current date, no termination paperwork has been

submitted to Mr. Baily or the Human Resources Department of my contractor.

The plaintiff is awaiting the requisite termination documentation to determine the termination's justification and identify the Border Patrol official who sanctioned it. However, this is not the inaugural instance of termination occurring without the appropriate documentation or procedures.

8b. *Witnesses*

| | |
|---|---|
| Maria Chio Marines | Discriminated against by McClenning and Norwood under the ADEA |
| Shelby Perez | Terminated by Norwood and McClenning under similar circumstances |
| Diana Perez | Terminated by Norwood and McClenning under similar circumstances |
| Christina Gonzalez | Written up by Norwood and McClenning due to intimidation and no supporting documentation |
| Jose Riza | Was "promised" a supervisory position and eventually got the position for the opening on August 5, 2024, and initially interviewed for the position on June 4, 2024. |

| | |
|---|---|
| Adrian Urbina | Was consistently discriminated against by McClenning and Monsivais by being denied PTO and other "perks" for speaking out |
| Brigit Villa | Had consistent confrontations with Monsivais and was photographed by her on shift to "catch" her slacking off |
| Monserrat Velasco | Had a confrontation with Monsivais and was called "stupid." Requested assistance in submitting a complaint |
| Border Patrol Agent Rene Banuelos | Was in the supervisor area and heard the plaintiff and Monsivais talking. Due to ambient noise could not hear everything and could attest it was not confrontational |
| Supervisory Agent Daniel Boone | Was in the supervisor area and heard the plaintiff and Monsivais talking. Due to ambient noise could not hear everything and could attest it was not confrontational |
| Supervisory Agent Bruce Vogt | Was in the supervisor area and heard the plaintiff and Monsivais talking. Due to ambient noise could not hear everything and could attest it was not confrontational. Had many confrontations with Monsivais |

| | |
|---|---|
| Supervisory Agent Douglas Brinker | Was in the supervisor area and heard the plaintiff and Monsivais talking. Due to ambient noise could not hear everything and could attest it was not confrontational |

*8c. Documentation*

| | |
|---|---|
| Supervisory Job Postings and Qualifications: 6/4/2024 & 8/5/2024 | Will establish the dates and positions available along with qualifications |
| Notes taken during interviews | Will help guide as to the thoughts and logic behind hiring rubrics |
| Write Up | Will help establish existence of the document |
| Write Up Supporting Documentation – Including Agent Monsivais Notes | Will help determine what was the rationale behind the write-up |
| Screenshot of Texts | Will help establish how Agent Monsivais communicated with staff |
| Report to OFCCP | Will help establish plaintiff reported issues and discrimination. |
| OFCCP Decision | Will establish resolution by OFCCP |
| Report to EEOC | Will establish plaintiff reported issues to EEOC |

| EEOC Decision | Establish a Right to Sue |
|---|---|
| e-mails to John Baily | Establish there was no termination paperwork and no proper following of termination protocol. |

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

The defendant is hereby ordered to compensate the plaintiff for the losses sustained during the period of unemployment, as well as for the emotional distress and anguish resulting from the unjust termination and the continuous discrimination experienced during employment. Moreover, it is respectfully requested that the Court grant any further relief that may be considered appropriate, including injunctive orders, damages, costs, and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

_____
Signature

Luis Alfonso Ruiz
1610 Buckley Ave
Eagle Pass, TX 78852
(830) 968-3966

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)
Issued On: **11/01/2024**

**To:** Mr. Luis A. Ruiz
1610 Buckley Ave.
Eagle Pass, TX 78852

Charge No: 451-2024-04338
EEOC Representative and email:   Melissa Rolfe, Investigator
melissa.rolfe@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 451-2024-04338.

On behalf of the Commission,

for Norma J. Guzman, Field Director

Cc:
Responsive Deployment
400 W. Virginia St., Ste. 100
McKinney, TX 75069

**Please retain this notice for your records.**

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number XXX-XXXX-XXXXX to the Field Director at Norma J. Guzman, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

To make a Section 83 request for your charge file, submit a signed written request stating it is a "Section 83 Request" for Charge Number XXX-XXXX-XXXXX to the Field Director at Norma J. Guzman, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cim.
For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- Except for ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*